NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BARBARA KILLIAN, ) | |
| Plaintiff, ) | Civil Action No. 07-4902 (GEB) |
| v. ) | **MEMORANDUM OPINION** |
| JOHNSON & JOHNSON, *et al.*, ) | |
| Defendants. ) | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendants Johnson & Johnson and the Pension Committee of the Johnson & Johnson Choices Long Term Disability Plan (collectively, "Defendants").  The Court has reviewed the parties' submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will grant Defendants' motion.

**BACKGROUND**

On August 10, 2007, Plaintiff Barbara Killian ("Plaintiff" or "Killian") filed a complaint in the Superior Court of New Jersey, Law division, alleging that Defendant had improperly denied her disability benefits under an employee welfare benefit plan governed by the Employment Retirement Income Security Act of 1974.  (Docket Entry No. 1, Ex. A ("Compl.") at 1-2.)  Ms. Killian claims that Defendant Johnson & Johnson was her employer and the administrator of the welfare benefit plan that provided her long-term disability insurance.

(Compl. at 2.) The Pension Committee of the Johnson & Johnson Long Term Disability Plan, on the other hand, was allegedly the entity responsible for making the ultimate decision on Ms. Killian's disability benefits application. (*Id*.)

Plaintiff contends that the Defendants' actions amount to an unlawful deprivation of benefits in violation of ERISA and New Jersey's insurance laws (Count I), a breach of contract (Count II), and a breach of the duty of good faith and fair dealing (Count III). (*Id*. at 10-12.) Plaintiff requests jury trial on these issues and seeks the following damages:

> A. Equitable damages, including, but not limited to, long-term disability benefits of which she has been deprived and interest based upon Defendants' unlawful conduct.
> B. Compensatory damages, including, but not limited to, long-term disability benefits of which she has been deprived and interest based upon Defendants' unlawful conduct;
> C. Punitive damages;
> D. Costs of suit, including reasonable attorneys fees;
> E. Such other relief deemed by the Court to be equitable and just as provided by law.

(*Id*. at 11-13.)

The action was removed to this Court on October 10, 2007. (Docket Entry No. 1.) On November 1, 2007, Defendants moved to dismiss in part Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.

**DISCUSSION**

    **A.**    **Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at 1965.

The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus*., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

### B.   Application

Defendant contends that Plaintiff's Complaint should be dismissed in part because most of the claims therein are preempted by ERISA and because Plaintiff seeks relief beyond the scope

of ERISA's remedy scheme.  In addition, Defendants argue that Plaintiff's demand for a trial by jury should be stricken.  The Court will address each contention in turn.

1.	Whether Plaintiff's Claims Are Preempted by ERISA

Defendant claims that all of Plaintiff's state claims – i.e. all her claims except the ERISA claim set forth in Count I – must be dismissed.  Indeed, Plaintiff suggests that Ms. Killian's allegations under the New Jersey state insurance laws and her allegations of breach of contract and breach of the covenant of good faith and fair dealing are expressly preempted by ERISA.  The Court agrees.

Under 29 U.S.C. § 1144(a), "ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA."  *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001), *quoting* 29 U.S.C. § 1144(a).  Courts have consistently held that the term "relate to" is to be read broadly.  *Egelhoff*, 532 U.S. at 146, *citing New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995).  In fact, a state law is to be deemed to "relate to" an ERISA plan "if it has a connection with or reference to such a plan."  *Egelhoff*, 532 U.S. at 147, *quoting Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

Plaintiff here alleges: (i) that Defendants' decision to deny her long-term disability benefits was done in violation of New Jersey insurance laws, (ii) that Defendants "breached their contractual obligations to Ms. Killian under their benefit and other employment plans by denying her long-term disability benefits," and (iii) that Defendants breached their duty of good faith and fair dealing to Plaintiff by failing to perform their obligations under the contract governing Plaintiff's long-term disability benefits.  There can be no dispute that these claims "relate" to an

4

ERISA plan. In fact, the benefit plan at issue in the case at bar was described by Plaintiff herself as one governed by ERISA. (Compl. at 1-2 ("Defendants have denied her benefits under an 'employee welfare benefit plan' governed by the Employment Retirement Income Security Act of 1974 . . . .").) Accordingly, Plaintiff's state law claims are preempted by ERISA. *See Minnis v. Baldwin Bros.*, 150 Fed. App'x 118, 120 n.1 (3d Cir. 2005) ("[B]ecause [plaintiff] alleged an ERISA plan in his complaint, any state law claims contained therein were preempted by ERISA."); *see also Nat'l Sec. Sys., Inc. v. Iola*, 2007 U.S. Dist. LEXIS 71470, at *17-18 (D.N.J. Sep. 26, 2007) (holding that breach of contract and breach of good faith and fair dealing claims against administrator of benefits plan were preempted by ERISA.).

Tellingly, Plaintiff declines to challenge this conclusion and argues instead that the Court should refrain from dismissing these causes of action "because under Federal pleading guidelines, a plaintiff is expressly permitted to plead two or more inconsistent claims." (Pl. Opp'n at 10-11.) In effect, Plaintiff submits to the Court that Federal Rule of Civil Procedure 8 allows her to assert state law claims that are legally inconsistent with her ERISA claims. (*Id.* at 12.)

Plaintiff's argument is unconvincing. Ms. Killian's claims are not alternative claims that hinge on the question of whether or not ERISA is applicable in this matter. The language of the Complaint leaves no doubt that the benefit plan at issue here is governed by ERISA. Under the circumstances – and even accepting as true all allegations in the complaint and viewing them in the light most favorable to the Plaintiff – it is clear that Plaintiff's state law claims are preempted

by ERISA. The Court will therefore dismiss those claims.[1]

      2.  Whether Plaintiff Seeks Remedies Beyond the Scope of ERISA

Defendant notes that "Killian seeks relief, including but not limited to unpaid benefits under ERISA, compensatory damages, punitive damages, and attorneys' fees and costs of suit," and argues that Plaintiff may only seek remedies authorized under ERISA. (Def. Reply at 11.) The Court agrees.

ERISA's remedy scheme is set out in 29 U.S.C. § 1132, which provides, in part, that:

> (a) Persons empowered to bring a civil action. A civil action may be brought –
>
> (1) by a participant or beneficiary –
> . . .
> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

---

[1] The cases cited by Plaintiff in support of her argument are inapposite. Most do not involve ERISA, *see e.g. Indep. Enters. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997) (Section 1983 claims and pendent state law claims); *Universal Computer Consulting, Inc. v. Pitcairn Enters., Inc.*, 2005 U.S. Dist. LEXIS 18401 (E.D. Pa. Aug. 26, 2005) (equitable fraud claims and statutory claims pursuant to the Pennsylvania Uniform Fraudulent Transfer Act), and those that do bear some relation to ERISA are distinguishable because they involve situations in which the applicability of ERISA remained unclear. *Coleman v. Standard Life Ins., Co.*, 288 F. Supp. 2d 1116, 1121 (E.D. Cal. 2003) (court allowing plaintiff to set forth state law claims and ERISA claims in the alternative, because "there has been no determination as to whether ERISA applies."); *Schiffli Embroidery Workers Pension Fund v. Ryan Beck & Co.*, 869 F. Supp. 278 (D.N.J. 1994) (court denying motion to dismiss and allowing plaintiff to plead ERISA claims and state law claims in the alternative on the grounds that it was unclear at that point whether the movants fell within the scope of ERISA); *Young v. Reconstructive Orthopedic Associates, II, P.C.*, No. 03-2034, 2004 U.S. Dist. LEXIS 2720, at *6 (E.D. Pa. Feb. 24, 2004) (allowing pleading in the alternative where "it is questionable whether ERISA will apply in th[e] matter.").

29 U.S.C. § 1132.  State law remedies are preempted by ERISA if they provide a form of relief in a judicial forum that adds to, duplicates or supplants the judicial remedies provided by ERISA.  *Barber v. UNUM Life Ins. Co. of Am.*, 383 F.3d 134, 140 (3d Cir. 2004).  Accordingly, the Court will strike any of Plaintiff's requests for remedies that are inconsistent with the provisions of ERISA.

        3.      Whether Plaintiff's Demand for a Jury Trial Should be Stricken

The Third Circuit has consistently held that there is no right to a jury trial in suits brought under ERISA Section 502(a)(1)(B).  *See Turner v. CF & I Steel Corp.*, 770 F.2d 43, 47 (3d Cir. 1985), *cert. denied* 474 U.S. 1058 (Jan. 13, 1986) (No. 85-803) ("We therefore find ourselves in agreement with the other Courts of Appeals which have held that no jury trial is required in suits under Section 502(a)(1)(B) by a beneficiary or participant against a trustee.").  Since only Plaintiff's ERISA claim remains in the case at bar, it necessarily follows that Plaintiff does not have the right to a jury trial.

**CONCLUSION**

For the foregoing reasons, this Court will grant Defendants' Motion to Dismiss.  An appropriate form of Order accompanies this Opinion.

Dated: January 28, 2008

                                      s/ Garrett E. Brown, Jr.
                                      GARRETT E. BROWN, JR., U.S.D.J.