NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BARBARA KILLIAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-4902(GEB) |
| JOHNSON & JOHNSON; TRUSTEES/ PENSION COMMITTEE OF THE JOHNSON & JOHNSON CHOICES LONG TERM DISABILITY PLAN; ABC CORP.; JOHN/JANE DOES 1-20, | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

**BROWN, Chief Judge**

This matter comes before the Court upon defendants' (collectively "Defendants") objection to Magistrate Judge John J. Hughes's November 21, 2008 Report and Recommendation. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions, and for the reasons set forth below, will: (1) overrule Defendants' objections; and (2) adopt Magistrate Judge Hughes's November 21, 2008 Report and Recommendation.

**I.    BACKGROUND**

In his November 21, 2008 Report and Recommendation, Magistrate Judge Hughes described in detail the factual background of this case. The Court will not repeat that description, except for those portions that are necessary for this review.

1

Plaintiff filed a complaint on August 10, 2007, (the "Complaint") in New Jersey Superior Court, which alleged that she had been improperly denied benefits for long-term disability ("LTD") under her employee benefit plan. (Docket Entry No. 1.) This action was removed to this Court on October 27, 2007, (Docket Entry No. 1) and thereafter, this Court dismissed Plaintiff's state law claims. (Docket Entry No. 9.) Defendants filed their counter-claims on February 26, 2008, and voluntarily reinstated Plaintiff's LTD benefits prior to a settlement conference that was held on June 19, 2008. At the settlement conference, the substantive case was settled between the parties, but they were unable to resolve the issues regarding attorneys' fees and costs. (Docket Entry No. 27.) On June 24, 2008, the Court also dismissed Defendants' counterclaim for unjust enrichment. (Docket Entry Nos. 28, 29.)

Magistrate Judge Hughes filed his Report and Recommendation on November 21, 2008, (Docket Entry No. 36) and thereafter, Plaintiff filed her objections on December 8, 2008. (Docket Entry NO. 39.) The Report and Recommendation and the objections, as well as Defendants' response to the objections, and Plaintiff's further reply to Defendants' response, are now considered by this Court.

**II.  DISCUSSION**

Plaintiff argues that this Court should not accept Judge Hughes's recommendation regarding the scope of discovery permitted in ERISA cases because the Magistrate Judge's statement that such discovery is unwarranted results in Plaintiff receiving no attorneys' fees for that work. To this end, Plaintiff argues that this determination "is against the clear mandate of the Third Circuit," citing Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004), for support. (Docket Entry No. 39 at

2

5.) Plaintiff states that discovery is warranted to uncover whether any potential biases or conflicts of interest of the plan's administrator exist. (Id. at 6.) Plaintiff also argues that this Court should not accept Judge Hughes's recommendation regarding the reduction of hours for which Plaintiff's counsel should receive attorney's fees for the preparation of a motion to dismiss and of a position letter in anticipation of a settlement conference. (Docket Entry No. 39.) Plaintiff argues that "the Report perfunctorily reduces these fees without adequate explanation as to the basis for the finding that they are 'unreasonable.'" (Id. at 7.) Plaintiff also states that "the Report does not appear to consider the importance of both the motion[] to dismiss and the position statement in the successful conclusion of this matter." (Id. at 8.) Finally, Plaintiff argues that there is a lack of binding precedent regarding issues in the case, and therefore, because the case is not "straightforward" and "requir[ed] close analysis," the Report and Recommendation should be rejected in the areas in which Plaintiff objects. (Id. at 9.)

Defendants counterargue that Plaintiff's objections obviate the need for this Court to review four separate determinations made by Magistrate Judge Hughes. Specifically, Defendants state that Plaintiff is asking this Court to allow attorneys' fees for the following time spent:

> (1) 24.2 hours, or $6,534.00, expended preparing federal discovery requests . . .; (2) an additional 50.4 hours, $13,608.00 beyond the $3,240.00 which was recommended . . . spent preparing and reviewing mandatory disclosures . . . ; (3) 69.3 additional hours . . ., $18,711.00 beyond Magistrate Judge Hughes's recommendation of $2,079.000, associated with the filing of her motion to dismiss Defendants' counterclaim, which was only partially successful and did not diminish [Plaintiff's] exposure to liability for the overpayment of plan benefits; an overpayment which has never been disputed; and (4) an additional 62.6 hours, or $14,201.00 beyond the $8,883.00 already recommended . . . for settlement-related issues, for drafting a "position paper" prior to the settlement conference.

(Docket Entry No. 42 at 6 to 7) (footnotes omitted). Defendants argue that the Court should overrule

3

all of Plaintiff's objections and adopt in its entirety Magistrate Judge Hughes's Report and Recommendation because Plaintiff "has not provided any justification for the fees sought and hours expended;" because Plaintiff's objections are "conclusory statements as to the effectiveness of the specified tasks in procuring results;" and because the certification provided by Plaintiff "is a vague and self-serving summary "with no evidentiary value and contains patently incorrect and misleading statements."  Further Defendants argue that "the reductions were appropriate given the early settlement of the substantive issues; the governing case law limiting discovery in an ERISA action; and the amount of time it should have taken counsel . . . to complete tasks." (Docket Entry No. 42 at 8.)

  **A.**  **Standard of Review**

Review of a Magistrate Judge's Report and Recommendation, as well as objections to it, is governed by Local Civil Rule 72.1.  The rule provides that the Court "shall make a de novo determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2).  In conducting its review, the Court "may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." Id.  See also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

  **B.**  **Analysis**

    **1.**  **Whether the Report Relies on a Misunderstanding of the Scope of Discovery in ERISA cases**

Plaintiff argues that the Magistrate Judge's understanding of the proper scope of discovery in ERISA cases improperly resulted in the failure to award attorneys fees for: (1) the 24.2 hours spent

for the preparation of requests for interrogatories; and (2) the 62.4 hours spent to review the mandatory disclosures. The Court will address each in turn.

First, Plaintiff argues that "insofar as [Plaintiff's] counsel prepared and served discovery demands seeking evidence of 'potential biases and conflicts of interest,' and closely reviewed Defendants' initial disclosures for this type of evidence, counsel was acting well within the scope of a Court's review in an ERISA case and [Plaintiff's] legal fees should be included in the fee award." (Docket Entry No. 39 at 5.)

In respect to Plaintiff's objection that the Magistrate Judge's "misunderstanding of the scope of discovery in ERISA cases" led him to recommend that no attorneys' fees should be awarded for that time spent, Magistrate Judge Hughes stated the following in his November 21, 2008 opinion:

> The Court notes that in an ERISA action, while there is no blanket prohibition on discovery that is beyond the administrative record, the Court's inquiry in an ERISA action is limited to evidence that was before the administrator when it made the decision being reviewed, thus additional discovery is generally not permitted. See Mitchell v. Eastman Kodak, Co., 113 F.3d 433, 440 (3d Cir. 1997)[]. Plaintiff improperly relies upon Kosiba v. Merck & Co., 384 F.3d 58 (3d Cir. 2000)[], where the Third Circuit held that courts "may consider evidence of potential biases and conflicts of interest not found in the administrator's record." Id. at 67 n.5. However, the facts of Kosiba differ from the case at hand, where the Plan is entirely funded by Plan participants as opposed to Kosiba, where the plan is funded by an insurance company. Therefore, the Court recommends that the time Plaintiff's counsel spent to prepare interrogatories and a notice to produce, following the removal of this action to federal court be declared unrecoverable because discovery is limited to the administrative record.

(Docket Entry No. 36.)

The Court notes that the parties have not objected to the Magistrate Judge's finding that the five Ursic factors weigh in favor of a fee award. See Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). The Court also notes that neither party has objected to the statement that the Court

5

must also consider the level of success of the parties and "focus on the significance of the overall relief obtained by the [prevailing party] in relation to the hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (emphasis added). However, the Court will not permit the recovery of fees that are redundant, unproductive, excessive, or unnecessary. See id. at 434. The parties have not objected to the finding that the $450.00 per hour rate allowed for partners' work is reasonable; that the $225.00 per hour rate for associates' work is reasonable; nor that the $100.00 per hour rate for paralegals' work is reasonable. Neither have they contested the finding that one fifth of the hours spent on each task at issue should be at the partner rate, nor that the remaining four fifths of the hours spent on each task at issue should be at the associate rate. (Docket Entry No. 36 at 24.)

       Therefore, the issue before this Court is whether the fees incurred in an effort to collect evidence regarding biases or conflicts of interest were reasonable. Plaintiff argues that procedural improprieties and bias are issues in this matter, and relies on the Third Circuit's decision in Kosiba v. Merck & Co. to support its position that attorneys fees should be awarded for the work done to seek evidence of biases or conflicts of interest. In Kosiba, the Third Circuit identified the issue before it as "whether the District Court applied the appropriate standard of judicial review to the defendants' decision to deny LTD benefits" to one of the Plaintiffs. 384 F.3d at 64. Plaintiff has not alleged that a structural conflict exists in this matter, but rather, has alleged that the need to obtain the discovery is linked to procedural irregularities and biases. Had the litigation progressed to the point where such a decision regarding the proper scope of discovery had been made, Plaintiff would have had to present a good-faith allegation of a procedural irregularity or bias that could have been found within the administrative record to warrant the additional discovery-related work. See

6

Mainieri v. Bd. of Trustees of the Operating Engineer's Local 825 Pension Fund, No. 07-1133, 2008 U.S. Dist. LEXIS 71247, at *9-*10 (D.N.J. Sept. 10, 2008).

Although the parties have briefed for the Court the state of the law[1] regarding the proper scope of discovery allowable in ERISA matters, the Court's inquiry here is not what the scope of discovery is or should be, but rather whether attorneys fees should be awarded in a matter in which no discovery needed to be conducted. It is proper for the Court to consider, when determining whether attorneys fees for particular activities should be awarded, whether the results of such efforts yielded favorable results. Here, the litigation did not progress to a point where any decision was made regarding whether more discovery regarding procedural irregularities or biases should be conducted, or rather, whether review should be limited to the administrative record; and therefore, the results obtained from preparing these requests never materialized due to the early settlement between the parties.

The Court notes that the matter was removed to this Court on October 10, 2007. (Docket Entry No. 1.) According to the docket, on October 17, 2007, the Magistrate Judge filed a Notice of Hearing, which stated that the initial conference would be held on December 11, 2007. (Docket Entry No. 3.) On November 1, 2007, Defendants filed a Motion to Dismiss in part, and this Court

---

[1] Neither party has addressed in their discussions what, if any, relevance the Supreme Court's decision in Metropolitan Life Insurance Co. v. Glenn, 128 S. Ct. 2343 (2008), has as it relates to this case. However, because the Court concludes that ultimately, whether or not Plaintiff should have been able to expand the scope of discovery beyond the administrative record is irrelevant to the instant question of the reasonableness of attorneys' fees, the Court need not discuss the Supreme Court's holding or its implications regarding the scope of discovery or standard of review in ERISA matters. But see Kalp v. Life Ins. Co. of. N. America, 2009 U.S. Dist. LEXIS 7957 (W.D. Pa. Feb. 4, 2009) (discussing extensively the differing approaches of the Third Circuit and the District Court in the District of New Jersey regarding the proper standard of review after the Supreme Court's decision).

granted that motion on January 29, 2008. Defendants filed an answer to the Complaint and counterclaims on February 26, 2008. (Docket Entry No. 14.)

It was on March 17, 2008, upon application from Plaintiff, that the Magistrate Judge filed an order stating:

> 1. The Parties' initial sets of interrogatories and document requests shall be served on or before April 16, 2008, and shall be responded to within 30 days of service.
>
> 2. All discovery disputes arising from the aforementioned initial interrogatories and document requests shall be brought to the Court's attention by correspondence dated on or before June 16, 2008.
>
> 3. A settlement conference is scheduled for May 8, 2008 at 2 P.M.

(Docket Entry No. 16.) Plaintiffs served an initial set of interrogatories, but, as the Magistrate Judge properly noted, courts generally are limited in their review to the information contained within the administrative record. See Mitchell v. Eastman Kodak, Co., 113 F.3d at 440. Therefore, Plaintiff's preparation of requests for additional discovery were in an effort to seek an exception to the general rule, and due to the parties' ability to timely settle the matter, neither the parties nor the Court was faced with deciding whether to permit the expansion of the record. In fact, on the date that these sets of interrogatories and document requests were due, Plaintiff filed a Motion to Dismiss Defendants' Counterclaims. (Docket Entry No. 17.) In this Court's consideration of that motion, it could have only appropriately considered "the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based on those documents." (Docket Entry No. 28 at 4) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994)). Therefore, at that stage of the litigation, because the information in any such interrogatories and documents could not

8

have been appropriately considered by the Court, the efforts were unproductive and ultimately unnecessary. See Hensley, 461 U.S. at 435.

The Court accordingly will not grant attorneys' fees for the 24.2 hours spent following this matter's removal for preparing interrogatories and a notice to produce. To this end, the Court adopts, as modified, the conclusion reached by the Magistrate Judge.

Second, Plaintiff argues that this Court should reject the Magistrate Judge's decision to reduce the fees for the time spent reviewing initial and mandatory disclosures because the decision, again, improperly cited the general practice and scope of discovery in ERISA cases and failed to consider the exception to that general practice in cases where procedural irregularities or biases are present and therefore permit the expansion of the record to investigate. (Docket Entry No. 39 at 7.) Plaintiff asserts that in addition to the materials that "existed prior to [Plaintiff's] final 'administrative appeal,'" other documents were also produced, including "all documents adduced on that final appeal; all correspondence relative to those proceedings; the IME improperly procured by Defendants during the pendency of that appeal; and the decision itself." (Docket Entry No. 45 at 12.)

The Magistrate Judge's decision in respect to this issue is as follows:

> Plaintiff maintains that the time counsel spent on [reviewing Plaintiff's] mandatory disclosures is reasonable because [Plaintiff's] initial disclosures exceeded 1800 pages. Similarly, [Plaintiff] maintains that the time her counsel spent reviewing Defendants' initial disclosures is reasonable "given the fact-intensive nature of ERISA cases and the low standard of 'arbitrary and capricious' review that exists in cases such as this." In light of the fact that discovery in ERISA actions is generally not permitted beyond the administrative record, the Court recommends reducing the 62.4 hours by approximately four-fifths and will award 12 hours finding that this amount of time would reasonably permit a review of the administrative record.

(Docket Entry No. 36 at 22.) Defendants argue that review of these pages, an 1,800 page

9

administrative record, was duplicative of work previously performed because it consisted almost entirely of copies of documents prepared by Plaintiff and copies of documents that were in Plaintiff's possession prior to the commencement of the proceedings in this Court. (Docket Entry No. 42 at 16.)

Plaintiff, however, argue that the 62.4 hours spent reviewing these materials was directed not toward the substantive nature of the material, but rather, in an effort to uncover signs of procedural irregularities or biases. (Docket Entry No. 45 at 13.) Plaintiff argues that a careful review was required "in order to establish that (1) the Court should exercise heightened judicial review; and (2) under that heightened standard . . . Defendants' decision was unlawful and should be set aside." (Docket Entry No. 45 at 13.) The Court rejects this argument and adopts the Magistrate Judge's Report and Recommendation, with the following modifications.

The Court agrees in part with Defendants, specifically that these 1800 pages included materials that were drafted by Plaintiff or that were already in Plaintiff's possession as a result of the proceedings that took place prior to the matter's removal to this Court. To that end, the Court finds that Plaintiff's counsel should have been familiar enough with those documents to know their contents, and therefore should have known what materials, if any, would show procedural irregularities or biases. The Court determines that it is reasonable for Plaintiff's counsel to take a certain amount of time to review these documents to see if procedural irregularities or biases exist, but it is the aggregate amount of time that Plaintiff's counsel asserts was spent that the Court finds to be unreasonable, especially given the history and procedural posture of the matter. Although the Magistrate Judge properly stated that in general, the scope of discovery permitted is limited to the administrative record, it may also be appropriate for a litigant's attorney to review the documents

to find evidence of procedural irregularities or biases. However, in this case, the extent to which Plaintiff's counsel reviewed the disclosures was excessive given the early settlement, and the Plaintiff's filing of a motion to dismiss.

In so reaching this decision, the Court does not find relevant the proper standard of review or whether the Court would have or should have expanded the scope of discovery had the proceedings continued without settlement. The main point that is relevant is whether it was reasonable for Plaintiff's counsel to spend the amount of time that was spent in reviewing the disclosures, and this Court finds that it was not. For that reason, the Court adopts the Magistrate Judge's determination that the amount of time spent should be reduced by approximately four-fifths, and that an award of fees for twelve hours of work is appropriate because that period of time is reasonable to complete the task given counsel's knowledge of the case and the documents in question. The Court arrives at this decision, noting that every hour spent past twelve hours, is considered excessive and unnecessary.

> **2. Whether the Report Inappropriately Recommends Reducing Time Spent Preparing Plaintiff's Motion to Dismiss and Position Letter**

Plaintiff objects that "[t]he Report improperly recommends reducing the attorneys' fees for time spent preparing [Plaintiff's] motion to dismiss . . . and preparing a . . . position paper that was successfully used in settlement discussions." (Docket Entry No. 39 at 7.) Plaintiff argues that "the Report perfunctorily reduces these fees without adequate explanation" and that "blanket reductions, without more, run afoul of the Third Circuit's requirement that a court ordering a reduction in a fee award 'must analyze the circumstance requiring the reduction and its relations to the fee, and it must

make specific findings to support its action.'" (Docket Entry No. 39 at 8.) Plaintiff points out that "in light of the issues involved, the lack of binding precedent, and the multiple briefs filed by both sides, the Report's recommendation to reduce [Plaintiff's] fees in opposing Defendants' counterclaims by 90% and to award only 7.7 hours is erroneous and should be overruled." (Id. at 9.)

At issue before the Court, pursuant to Plaintiff's objections, are the following recommendations made by the Magistrate Judge: (1) Plaintiff should be awarded 7.7 hours in fees, rather than 77 hours in fees, to prepare a response to Defendants' counterclaims; and (2) Plaintiff should be awarded 10 hours, rather than 62.6 hours, to prepare a "position paper" in anticipation of the settlement conference. The Court will address each in turn.

First, in respect to the motion to dismiss, the Court finds, as a starting proposition, that Plaintiff appropriately and reasonably expended some amount of time to prepare a response to Defendants' counterclaims. Plaintiff filed a motion to dismiss on April 16, 2008. (Docket Entry No. 17.) The brief was twenty pages in length, and it was partially successful, resulting in this Court's June 24, 2008 Memorandum Opinion and Order that granted in part and denied in part the motion. (Docket Entry No. 28.) The Court denied Plaintiff's Motion to Dismiss in respect to Defendants' ERISA counterclaim, and granted Plaintiff's motion in respect to Defendants' unjust enrichment claim, finding that the ERISA is the appropriate remedy and that a federal common law claim of unjust enrichment should not be permitted in this context. (Id.) Indeed, Plaintiff's attorney surely should be awarded fees for those hours reasonably spent to obtain this partially successful result.

However, the Court finds that 77 hours to prepare such a response is excessive and wholly unreasonable. Further, the Court agrees with the Magistrate Judge that the successful portion of

Plaintiff's motion addressing "Defendant's counterclaims for a simple return of premiums" does not involve complex issues of law, but rather, needed only a "simple" analysis to warrant success. For these reasons, the Court concludes that any time expended past the 7.7 hours found reasonable by the Magistrate Judge is excessive and unnecessary. Therefore, as modified, the Court adopts the Magistrate Judge's recommendation.

Second, Plaintiff objects to the Magistrate Judge's Report and Recommendation insofar as it recommended that only ten hours in fees should be awarded for Plaintiff's preparation of a "position paper" in anticipation of the June 19, 2008 settlement conference. In the December 8, 2008 written objections, Plaintiff argues that the Magistrate Judge's recommendation is improper, characterizing it as "blanket reductions." (Docket Entry No. 39 at 8.) The Report and Recommendation states, in respect to this recommendation:

> Plaintiff contends that fees incurred for settlement issues are recoverable because settlement discussions to which Defendants willingly participated in did not end until June 23, 2008. While, the Court agrees that a[] fee award for preparing a position paper and addressing ongoing settlement issues is appropriate, the 62.6 hours billed for preparing a position paper in advance of the settlement conference is unreasonable given the issues involved in the case and the alleged expertise of Plaintiff's counsel. Accordingly, the time spent on the position paper . . . shall be reduced to 10 hours and the full 22.9 hours billed for ongoing settlement issues will be awarded. Accordingly, the Court recommends awarding 32.9 hours for settlement matters.

(Docket Entry No. 36 at 23) (citations omitted).

The Court agrees with the Magistrate Judge's recommendation, and adds the following. The Court is awarding the full 22.9 hours billed for the ongoing settlement discussions. Plaintiff, however, also seeks an additional 62.6 hours to prepare and draft a "position paper" in anticipation of the settlement conference, arguing that the Court should award the fees associated with its

13

preparation because Plaintiff successfully settled the substantive issues.  The level of success is only one consideration that the Court must make.  The Court is also obligated to determine, pursuant to Hensley v. Eckerhart whether the hours expended were "excessive, redundant, or otherwise unnecessary," and this Court finds that 62.6 hours to prepare a position paper in anticipation of a settlement conference is exactly that – excessive, redundant, and unnecessary.  This is not a "blanket reduction;" rather, the Court concludes the extraneous hours are excessive based upon the Court's experience, Plaintiff's counsel's alleged experience, and this Court's review of the record and the relevant, filed documents.  The Magistrate Judge, therefore, properly determined that no more than ten hours, "given the issues involved in the case and the alleged expertise of Plaintiff's counsel" should have been expended on such an effort.  Therefore, the Court accordingly adopts the Magistrate Judge's recommendation and awards the ten hours in fees that were recommended.

### III.     CONCLUSION

For the above reasons, the Court: (1) overrules Defendants' objections to Magistrate Judge Hughes's November 21, 2008 Report and Recommendation; and (2) adopts, as modified, the Report and Recommendation in whole.  An appropriate form of order is filed herewith.

Dated: March 4, 2009

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.