NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA KILLIAN, | )<br>)<br>) |
| Plaintiff, | )<br>)   Civil Action No. 07-4902(GEB) |
| v. | )<br>)   **MEMORANDUM OPINION** |
| JOHNSON & JOHNSON; TRUSTEES/<br>PENSION COMMITTEE OF THE<br>JOHNSON & JOHNSON CHOICES LONG<br>TERM DISABILITY PLAN; ABC CORP.;<br>JOHN/JANE DOES 1-20, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion for Summary Judgment (Doc. No. 62) of the defendants Johnson & Johnson, Trustees/Pension Committee of the Johnson & Johnson Choices Long Term Disability Plan ("Defendants"). Plaintiff opposes the motion. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' Motion for Summary Judgment.

**I.    BACKGROUND**

This matter involves whether Plaintiff was overpaid pursuant to the receipt of benefits from both her Johnson & Johnson Choices Long Term Disability Plan (the "Plan") and from the

1

Social Security Administration, and whether as a result, Defendants are entitled to summary judgment with respect to Count One of their counterclaim in the amount of $45,439.20. Count One seeks equitable relief pursuant to 29 U.S.C. § 1132(a)(3), for "the imposition of a constructive trust and/or equitable lien on money belonging in good conscience to the Defendants which can be clearly traced to . . . benefits received and social security benefits." (Answer ¶ 18; Doc. No. 14.)

The Plan relevantly provides that "[t]he scheduled monthly benefit is reduced by the sum of the applicable adjustments to benefits." (Plan at 16; Doc. No. 62-4 at 26.) The Plan also provides:

> **ADJUSTMENTS TO BENEFITS**
>
> The following adjustments to benefits refer to benefits to which the Participant would be entitled if the prescribed application was made. Any lump sum payouts from the sources, below, will offset the LTD benefit until the cumulative amount has been exhausted.
>
> . . . .
>
> (2)   The Primary Social Security Disability Benefit (SSDB) excluding (a) any increase in such benefit on or subsequent to both the date the Participant first receives the Primary Social Security Disability Benefit and the date on which the Participant qualifies to receive benefit under this Plan; AND (b) benefits paid to a former spouse of the Participant or to a child of the Participant residing with such former spouse. Any Social Security survivor's benefit payable with respect to a Participant on account of the death of his or her spouse shall NOT be an adjustment to benefits.
>
> . . . .
>
> It is the Participant's responsibility to promptly notify the Claims Service Organization if he/she is receiving or eligible to receive other income benefits as set forth above, and to respond promptly and truthfully with respect to inquiries by the Claims Service Organization or Plan Administrator regarding the Participant's eligibility for such other income benefits. Failure or refusal to notify the Claims

> Service Organization, or to respond to the Claims Service Organization's or Plan Administrator's inquiry within 30 days thereof, is grounds for the Claims Service Organization to determine that the Participant is not, or is no longer, eligible to receive a benefit under the Plan.

(Id. at 16-18; Doc. No. 62-4.)

Here, Plaintiff received benefits through the Plan from March 23, 2004, through March 22, 2006. (McDonald Cert. ¶ 8.) During this period, no amount was deducted due to the receipt of social security disability benefits. (Id.) However, Plaintiff received a notice of award from the Social Security Administration dated September 29, 2006, which determined that she was disabled. (Id. at ¶ 9.) Pursuant to that determination, between March 23, 2004 and March 22, 2006, Plaintiff received $45,439.20 in social security benefits. (Id. at ¶ 11.) This action thereafter arose.

Plaintiff filed a complaint on August 10, 2007, (the "Complaint") in New Jersey Superior Court, which alleged that she had been improperly denied benefits for long-term disability ("LTD") under her employee benefit plan. (Doc. No. 1.) This action was removed to this Court on October 27, 2007, and thereafter, this Court dismissed Plaintiff's state law claims. (Doc. Nos. 1, 9.) Defendants filed their counter-claims on February 26, 2008, and voluntarily reinstated Plaintiff's LTD benefits prior to a settlement conference that was held on June 19, 2008. At the settlement conference, the substantive case was settled between the parties, but they were unable to resolve the issues regarding attorneys' fees and costs. (Doc No. 27.) On June 24, 2008, the Court also dismissed Defendants' counterclaim for unjust enrichment. (Doc. Nos. 28, 29.)

The Magistrate Judge filed his Report and Recommendation regarding the disputed attorney's fees on November 21, 2008, (Doc. No. 36) and thereafter, Plaintiff filed her objections

on December 8, 2008. (Doc. No. 39.) This Court, however, adopted the Report and Recommendation in a memorandum and order filed March 4, 2009. (Doc. Nos. 50, 51.) Thereafter, on January 22, 2010, Defendants filed the instant Motion for Summary Judgment and filed in accord with Local Rule 56.1 a statement of undisputed material facts. (Doc. No. 62, 62-2.) Plaintiff opposed the motion but did not file an opposing statement of material facts,[1] (Doc. No. 63), and Defendants filed a reply brief on February 5, 2010 (Doc. No. 64). The Court's consideration of the motion follows.

## II. DISCUSSION

### A. Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hersh v. Allen Prods. Co. Inc., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

---

[1] Because Plaintiff failed to file her own, opposing statement of material facts, the facts set forth by Defendant that are supported by the record are "deemed undisputed for purposes of the summary judgment motion." LOC. CIV. R. 56.1(a).

(1986); Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

### B.  Analysis

Defendants cite a Section 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), as the statute pursuant to which it is entitled to relief. It provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoying any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 28 U.S.C. § 1132(a)(3). See also Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S. Ct. 2343 (2008); Estate of Schwing v. The Lilly Health Plan, 562 F.3d 522 (3d Cir. 2009). "'Appropriate equitable relief' means only 'those categories of relief that were typically available in equity' in the days of the divided bench." Eichorn v. AT&T Corp., 484 F.3d 644, 654 (3d Cir. 2007) (quoting Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002)). In other words, appropriate equitable relief includes "injunction, mandamus, and restitution, but not compensatory damages." Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993).

Here, as in Sereboff, Defendants seek "recovery through a constructive trust or equitable lien on a specifically identifiable fund." Sereboff v. Mid Atlantic Medical Servs.547 U.S. 356, 363 (2006). The claim to an equitable lien by agreement is considered to be of the sort of equitable relief considered by the relevant statute. See id. at 365; see also GE Group Life Assurance Co. v. Turner, No. 05-342, 2009 U.S. Dist. LEXIS 3941 (W.D. Pa. Jan. 21, 2009).

5

Therefore, because it is undisputed that Plaintiff received $45,439.20 during the period of time in which she was entitled to LTD, the Court concludes that Defendant is entitled to the relief sought.

The Court notes that Plaintiff argues in opposition that she has had many "out-of-pocket" medical expenses that were not paid for by her provider. (Pl.'s Opp. Br. at 2; Doc. No. 63.) She also asserts that she was "dropped from [Johnson & Johnson's] long term disability on March 23, 2006 without ample notice;" that the "monies . . . received from [social security disability] helped [her] . . . to live, provide justice for [herself] and to be able to buy staples such as groceries;" and that she "liquidated all of [her] retirement funds to provide the difference needed." (Id.) She also argues that she has accumulated a large amount of debt due to the discontinuation of her LTD between March 23, 2006, and April 2008. (Id.) However, while the Court is sympathetic to Plaintiff's situation, the Court may not diverge from the law and recognize economic hardship as an affirmative defense. The Plan specifically states that "[i]t is the Participant's responsibility to promptly notify the Claims Service Organization if he/she is receiving or eligible to receive other income benefits." (Plan at 16; Doc. No. 62-4 at 26.) Plaintiff failed to fulfill this obligation.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment. An appropriate form of order accompanies this memorandum opinion.

Dated: June 15, 2010

                                                   s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.